UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jermaine Terrell Jackson,

        Petitioner,                      Court File No. 18-cv-2679 (MJD/LIB)

v.

                                         **REPORT AND RECOMMENDATION**

Warden Marques,

        Respondent.

This matter comes before the undersigned United States Magistrate Judge upon Petitioner Jermaine Terrell Jackson's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1]. This case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot** and this action be **DISMISSED with prejudice.**

## I.   Background

At the time Petitioner filed the present writ of habeas corpus, he was incarcerated at the Federal Correctional Institute at Sandstone, Minnesota. (Petition, [Docket No. 1], at 1).

On May 22, 2001, Petitioner was convicted of conspiracy to distribute cocaine and cocaine base, as well as, the use of communication facility to facilitate a drug trafficking offense, and he was sentenced to an aggregated 240-month term of imprisonment. (Decl. of Jeffrey George, [Docket No. 13], at ¶ 7). During his term of incarceration, Petitioner was the subject of written disciplinary action twenty-seven times, including six incidents which ultimately resulted

in a loss of good time credit. (Id. at ¶ 8, Exhibit C). These incidents appeared to have occurred while Petitioner was located in a "halfway house." (Petition, [Docket No. 1], at 2).

On September 14, 2018, Petitioner filed the present writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Petitioner argues that the Federal Bureau of Prisons inadequately investigated the disciplinary actions against him which resulted in good time credit being improperly taken from him. (See, Petition [Docket No. 1]). As relief, Petitioner seeks "all sanctions [be] dismissed and good time credit restored." (Id. at 8).

## II. Jurisdiction

Petitioner seeks relief under 28 U.S.C. § 2241. Habeas corpus is the proper remedy for federal prisoners attacking the length or validity of their confinement. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated . . . ." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

At the time Petitioner filed the present Petition, he was incarcerated at the Federal Correctional Institute at Sandstone, Minnesota. (Petition, [Docket No. 1], at 1). Petitioner challenges the length of his confinement by specifically challenging his loss of good time credit. Therefore, jurisdiction is proper under 28 U.S.C. § 2241.

## III. Jackson's Petition for Writ of Habeas Corpus. [Docket No. 1].

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See, Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and

a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action. See, In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the appeal must be dismissed as moot.") (citations and quotations omitted)). If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

If a petitioner is challenging his criminal conviction, a writ of habeas corpus is not automatically mooted upon his release from custody as habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." Spencer v. Kenma, 523 U.S. 1, 9 (1998) (citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See, Id. at 9. "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of

his conviction." Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In the present case, Petitioner is not challenging the validity of his conviction. (See, Petition [Docket No. 1]). Instead, Petitioner is challenging length of his sentence by seeking the return of good time credit he argues was improperly taken from him. (See, Id.).

However, according to the Federal Bureau of Prisons Federal Inmate Locator, Petitioner has previously been released from incarceration. See, Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc (searching Petitioner's Register Number 09297-041). Petitioner was released from federal custody on December 31, 2018. See, Id.

Even assuming solely for the sake of argument that this Court found that Petitioner's claims had merit, there is no longer a meaningful benefit which this Court could provide. Petitioner sought an early release from his term of incarceration, and he has now been released from his term of incarceration. Therefore, Jackson's petition is now moot because there is no longer any live case or controversy to be resolved in the present case. See, Miller v. Jett, No. 13-cv-2587 (ADM/TNL), 2014 WL 2085268, at *1 (D. Minn. May 19, 2014); Gray-Bey v. Cruz, No. 07-cv-4196 (JNE/JSM), 2009 WL 2982927, at *1 (D. Minn. Sept. 14, 2009); Gore v. Fondren, No. 7-cv-4425 (ADM/RLE), 2008 WL 4787652, at *4 (D. Minn. Oct. 31, 2008) (dismissing as moot habeas corpus Petition where Petitioner had been released from prison, and he was not challenging a conviction that would involve "collateral consequences") (citing Lane v. William, 455 U.S. 624, 631 (1982)); Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008).

As the present petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory

and is not permitted under Article III." <u>Walton v. Holinka</u>, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); <u>Doe v. Nixon</u>, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

Therefore, the Court recommends **DENYING as moot** Jackson's Petition for a Writ of Habeas Corpus, [Docket No. 1], and **DISMISSING** Petitioner's claims **with prejudice**.

### III. Conclusion

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot** and this action be **DISMISSED with prejudice.**

Dated: April 23, 2019

s/Leo I. Brisbois
Hon. Leo I. Brisbois
U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).